UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ARTEM GALYNKIN,

                                Plaintiff,

- against -

PEDRO PENA and WALL EXPRESS, INC.,

                               Defendants.
------------------------------------------------------------------X

Case No.:

**NOTICE OF REMOVAL**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:

**PLEASE TAKE NOTICE** that Defendants PEDRO PENA and WALL EXPRESS, INC., through their attorneys TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP, give notice that the above-captioned action, filed with the Supreme Court for the State of New York, County of Kings (corresponding with index number 508494/2022) and all claims and causes of action therein (the "State Action"), is removed to the United States District Court for the Eastern District of New York. Defendants grounds for removal are as follows:

## GROUNDS FOR REMOVAL

1. Pursuant to 28 U.S.C. §1332(a), this Court has original jurisdiction over "the State Action" under based on diversity jurisdiction, and removal is proper pursuant to 29 U.S.C. §§1441 and 1446.

2. Pursuant to 28 U.S.C. §1441(a), venue is proper because this Court constitutes the district court of the United States for the district and division embracing the place where "the State Action" is pending.

### Procedural History and Timeliness of Removal

3. On March 18, 2022, Plaintiff, Artem Galynkin filed "the State Action" against the Defendants, Pedro Pena and Wall Express, Inc.

4. Plaintiff served the Summons and Complaint from "the State Action" on Defendant Wall Express, Inc. on March 30, 2021. Plaintiff served the Summons and Verified Complaint from "the State Action" on Defendant Pedro Pena on March 31, 2021.

5. Plaintiff filed the affidavits of service on the Defendants on April 21, 2022.

6. A copy of the Summons and Complaint with the Service of Process Transmittal by the Secretary of State is attached as Exhibit A in accordance with 28 U.S.C. §1446(a).

7. Accordingly, this Notice of Removal is timely.

8. No other motions or proceedings are pending in the State Action.

9. No previous application relief requested herein has been made.

10. Pursuant to 28 U.S.C. §1446(d), promptly after this notice of removal is filed, Defendants will give written notice to all adverse parties and will electronically file a copy of this Notice of Removal in "the State Action" through NYSCEF.

### Removal is Proper under 28 U.S.C. §§ 1332 and 1441

11. In accordance with 28 U.S.C. §1332(a) this Court has original jurisdiction over any matter where "the matter in controversy exceeds the sum or value of $75,000" and the matter is between the "citizens of different States and in which citizens or subjections of a foreign state are additional parties."

12. As for 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."

13. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity among the parties, given that Plaintiff is a New York resident and the Defendants are Pennsylvania residents. Complete diversity existed when Plaintiff filed the Summons and Verified Complaint in the State Action and complete diversity exists at the time of the filing of this removal petition. As such, removal to this Court is justified and appropriate.

14. Plaintiff's Verified Complaint alleges that Artem Galynkin is a citizen of the County of Kings, State of New York. As evidence in the affidavits of service, Defendant Pedro is a citizen of the State of the Pennsylvania and Defendant Wall Express, Inc. is a corporation organized under the laws of the State of Pennsylvania and is a citizen of the State of Pennsylvania. See Exhibit A, page 1 and pages 9 through 10.

15. This action arises out of a motor vehicle accident involving Plaintiff and Defendants. Plaintiff Adriana claims to have sustained "serious personal injuries as defined in Section §5102(d) of the Insurance Law of the State of New York; and sustained and/or will sustained non-economic loss as defined in Section §5102(c) of the Insurance Law of the State of New York." See Exhibit A, page 5, paragraph 13.

16. Furthermore, Plaintiff claims as follows: "the amount of damages sought in this action exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction." See Exhibit A, page 5, paragraph 15.

17. As this Court is aware, the basic economic loss as defined by Section §5102 of the Insurance Law of the State of New York is $50,000. Accordingly, it is a logical and reasonable conclusion that Plaintiff is asserting a claim that exceeds $75,000 based upon the allegations contained in the Verified Complaint.

**WHEREFORE**, Defendants respectfully submit it is proper to remove the State Action is from the Supreme Court of the State of New York, County of Queens to the United States District Court in the Eastern District of New York.

Dated: Hawthorne, New York
      May 13, 2022

                                **TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP**
                                *Attorneys for Defendants*
                                *Pedro Pena and Wall Express, Inc.*

                    By:    *Lisa M. Rolle*
                                Lisa M. Rolle, Esq.
                                Mid-Westchester Executive Park
                                Seven Skyline Drive
                                Hawthorne, New York 10532
                                (914) 347-2600

TO:

**IRINA P. VAIMAN, P.C.**
*Attorneys for Plaintiff*
*Artem Galynkin*
1322 Gravesend Neck Road
Brooklyn, New York 11229
(718) 743-6611