UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ARTEM GALYNKIN,

                          Plaintiff,

    - against -

PEDRO PENA and WALL EXPRESS, INC.,

                         Defendants.

------------------------------------------------------------------X

Case No.:

**NOTICE OF REMOVAL**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF NEW YORK:

    **PLEASE TAKE NOTICE** that Defendants PEDRO PENA and WALL EXPRESS, INC.,

through their attorneys TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP, give notice

that the above-captioned action, filed with the Supreme Court for the State of New York, County

of Kings (corresponding with index number 508494/2022) and all claims and causes of action

therein (the "State Action"), is removed to the United States District Court for the Eastern District

of New York.  Defendants grounds for removal are as follows:

### GROUNDS FOR REMOVAL

    1.      Pursuant to 28 U.S.C. §1332(a), this Court has original jurisdiction over "the State

Action" under based on diversity jurisdiction, and removal is proper pursuant to 29 U.S.C. §§1441

and 1446.

    2.      Pursuant to 28 U.S.C. §1441(a), venue is proper because this Court constitutes the

district court of the United States for the district and division embracing the place where "the State

Action" is pending.

## Procedural History and Timeliness of Removal

3.      On March 18, 2022, Plaintiff, Artem Galynkin filed "the State Action" against the Defendants, Pedro Pena and Wall Express, Inc.

4.      Plaintiff served the Summons and Complaint from "the State Action" on Defendant Wall Express, Inc. on March 30, 2021. Plaintiff served the Summons and Verified Complaint from "the State Action" on Defendant Pedro Pena on March 31, 2021.

5.      Plaintiff filed the affidavits of service on the Defendants on April 21, 2022.

6.      A copy of the Summons and Complaint with the Service of Process Transmittal by the Secretary of State is attached as Exhibit A in accordance with 28 U.S.C. §1446(a).

7.      Accordingly, this Notice of Removal is timely.

8.      No other motions or proceedings are pending in the State Action.

9.      No previous application relief requested herein has been made.

10.     Pursuant to 28 U.S.C. §1446(d), promptly after this notice of removal is filed, Defendants will give written notice to all adverse parties and will  electronically file a copy of this Notice of Removal in "the State Action" through NYSCEF.

## Removal is Proper under 28 U.S.C. §§ 1332 and 1441

11.     In accordance with 28 U.S.C. §1332(a) this Court has original jurisdiction over any matter where "the matter in controversy exceeds the sum or value of $75,000" and the matter is between the "citizens of different States and in which citizens or subjections of a foreign state are additional parties."

12.     As for 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."

13.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity among the parties, given that Plaintiff is a New York resident and the Defendants are Pennsylvania residents.   Complete diversity existed when Plaintiff filed the Summons and Verified Complaint in the State Action and complete diversity exists at the time of the filing of this removal petition.  As such, removal to this Court is justified and appropriate.

14.     Plaintiff's Verified Complaint alleges that Artem Galynkin is a citizen of the County of Kings, State of New York.  As evidence in the affidavits of service, Defendant Pedro is a citizen of the State of the Pennsylvania and Defendant Wall Express, Inc. is a corporation organized under the laws of the State of Pennsylvania and is a citizen of the State of Pennsylvania. See Exhibit A, page 1 and pages 9 through 10.

15.     This action arises out of a motor vehicle accident involving Plaintiff and Defendants.  Plaintiff Adriana claims to have sustained "serious personal injuries as defined in Section §5102(d) of the Insurance Law of the State of New York; and sustained and/or will sustained non-economic loss as defined in Section §5102(c) of the Insurance Law of the State of New York." See Exhibit A, page 5, paragraph 13.

16.     Furthermore, Plaintiff claims as follows: "the amount of damages sought in this action exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction." See Exhibit A, page 5, paragraph 15.

17.     As this Court is aware, the basic economic loss as defined by Section §5102 of the Insurance Law of the State of New York is $50,000. Accordingly, it is a logical and reasonable conclusion that Plaintiff is asserting a claim that exceeds $75,000 based upon the allegations contained in the Verified Complaint.

3

**WHEREFORE**, Defendants respectfully submit it is proper to remove the State Action is from the Supreme Court of the State of New York, County of Queens to the United States District Court in the Eastern District of New York.

Dated: Hawthorne, New York
       May 13, 2022

> **TRAUB LIEBERMAN STRAUS**
> **& SHREWSBERRY LLP**
> *Attorneys for Defendants*
> *Pedro Pena and Wall Express, Inc.*
>
> By:   *Lisa M. Rolle*
> Lisa M. Rolle, Esq.
> Mid-Westchester Executive Park
> Seven Skyline Drive
> Hawthorne, New York 10532
> (914) 347-2600

TO:

**IRINA P. VAIMAN, P.C.**
*Attorneys for Plaintiff*
*Artem Galynkin*
1322 Gravesend Neck Road
Brooklyn, New York 11229
(718) 743-6611

4

JS 44 (Rev. 4-29-21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ARTEM GALYNKIN

**DEFENDANTS**
PEDRO PENA and WALL EXPRESS, INC.

**(b)** County of Residence of First Listed Plaintiff   KINGS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   LEHIGH
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

IRINA P. VAIMAN, P.C., 1322 Gravesend Neck Rd,
Brooklyn, NY 11229 (718) 743-6611

Attorneys *(If Known)*
TRAUB LIEBERMAN STRAUS & SHREWSBERRY, LLP
7 Skyline Drive

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

*Does this include a motion for temporary restraining order or order to show cause?* Yes ☐ No ☐"

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
28 U.S.C. 1332
Brief description of cause:
Removing from State Court to Federal Court based on Diversity

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                          DOCKET NUMBER

DATE
May 13, 2022

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, _Lisa M. Rolle_, counsel for _Defendants_, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐     monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐     the complaint seeks injunctive relief,

☑     the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)     Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?     ☐ Yes     ☑ No

2.)     If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?     ☐ Yes     ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?     ☑ Yes     ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:   .

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? ___ ☐ Yes     ☐ No ___
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

    ☑     Yes         ☐     No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

    ☐     Yes     (If yes, please explain     ☑     No

I certify the accuracy of all information provided above.

Signature: _Lisa Rolle_

# EXHIBIT "A"

Case 1:22-cv-02828   Document 1-2   Filed 05/13/22   Page 8 of 27 PageID #: 14

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X   Index No.:
ARTEM GALYNKIN,                                                              Filed:

                                        Plaintiff(s),           Plaintiff designates
                -against-                                        Kings County
                                                                as the place of trial

                                                                **SUMMONS**
PEDRO PENA and WALL EXPRESS, INC.,                              The basis venue is
                                                                Place of the Plaintiff residents
                                                                Plaintiff resides at:
                                                                8700 25th Avenue Apt 2C
                                                                Brooklyn, New York 11214

                                        Defendant(s).
------------------------------------------------------------------------X
TO THE ABOVE-NAMED DEFENDANT:

        YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a
copy of your Answer on the plaintiff's attorney within 20 days after the service of this Summons
is complete, exclusive of the day of service, or within 30 days after the service of this Summons
is complete if this Summons is not personally delivered to you within the State of New York.
        In case of your failure to answer this Summons, a judgment will be taken against you by
default for the relief demanded in the Complaint, together with the costs of this action.

Dated: Brooklyn, New York
        March 18th, 2022

                                                _____
                                                Irina P. Vaiman, P.C.
                                                Attorney for Plaintiff(s)
                                                ARTEM GALYNKIN
                                                1322 Gravesend Neck Road
                                                Brooklyn, NY 11229
                                                (718) 743-6611

TO:     Pedro Pena                      Wall Express, Inc.
        2834 Alton Avenue               545 N Centre Street
        Allentown, PA 18103             Pottsville, PA 17901

Case 1:22-cv-02820   Document 1-2   Filed 05/13/22   Page 9 of 27 PageID #: 15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
ARTEM GALYNKIN,

Index:
Filed:

Plaintiff,

**VERIFIED**
**COMPLAINT**

-against-

PEDRO PENA and WALL EXPRESS, INC.,

Defendants

------------------------------------------------------------------------X

Plaintiff(s), by his attorney, IRINA P. VAIMAN, ESQ., complaining of the defendant(s),

respectfully sets forth and alleges upon information and belief, as follows:

1.     That at all times hereinafter mentioned, plaintiff, ARTEM GALYNKIN, was and

still is a resident of the State of New York, County of Kings.

2.     That at all times hereinafter mentioned, defendant, PEDRO PENA, was and

still is a resident of the State of Pennsylvania, County of Lehigh.

3.     That at the time and place hereinafter mentioned plaintiff, ARTEM GALYNKIN

was the owner and operator in charge and control of the motor vehicle bearing New York State

license plate number DWE2584.

4.     That at the time and place hereinafter mentioned defendant, PEDRO PENA was

the operator in charge and in control of the motor vehicle bearing Pennsylvania State license

plate number PT897K4, with full knowledge and permission of its owner.

5.     That at the time and place hereinafter mentioned defendant, WALL EXPRESS,

INC., was the owner of the motor vehicle bearing Pennsylvania State license plate number

PT897K4.

Case 1:22-cv-02820  Document 1-2  Filed 05/13/22  Page 10 of 27 PageID #: 16

6.     That at all times hereinafter mentioned, on Metropolitan Avenue, at or near its intersection with Woodward Avenue, in the County of Queens, which was and still is a public street, road and/or thoroughfare in the State of New York.

7.     That on the 23rd Day of November 2020, plaintiff, ARTEM GALYNKIN, was operating the motor vehicle bearing New York State license plate number DWE2584, on Metropolitan Avenue, at or near its intersection with Woodward Avenue, in the County of Queens.

8.     That on the 23rd Day of November 2020, defendant, PEDRO PENA, was operating the motor vehicles bearing Pennsylvania State license plate number PT897K4, on Metropolitan Avenue, at or near its intersection with Woodward Avenue, in the County of Queens.

9.     That on the 23rd Day of November 2020, at approximately 9:57 a. m. o'clock of that day, the aforementioned motor vehicle operated by defendant, PEDRO PENA, collided into the motor vehicle operated by plaintiff, ARTEM GALYNKIN, and caused a collision.

10.    That heretofore on the 23rd Day of November 2020, at approximately 9:57 a. m. o'clock of that day, the aforesaid motor vehicle of the defendant(s) were so negligently and carelessly owned, operated, managed, supervised, and controlled, so as to cause said motor vehicle to suddenly, and without any notice, signal or warning, strike and collide with the motor vehicle occupied by the plaintiff(s), thereby causing plaintiff(s) to sustain the severe, serious, and, upon information and belief, permanent personal injuries and damages hereafter to be more specifically set forth.

11.    That the aforesaid occurrence and the injuries and damages resulting therefrom to plaintiff(s) were caused wholly and solely by reason of the negligence and carelessness of the defendant(s), and without any negligence on the part of the plaintiff(s) contributing thereto.

12.    That the aforesaid occurrence and the injuries and damages resulting therefrom to plaintiff(s) were caused wholly and solely by reason of the negligence and carelessness of the defendant(s), in failing and omitting to have and to maintain the said motor vehicle under reasonable and proper control, and in mismanaging the same; in operating the said motor vehicle at a high, dangerous, reckless, unsafe and/or unlawful rate of speed under the traffic and road conditions then and there prevailing; in failing and omitting to keep a safe and proper distance away from motor vehicle occupied by the plaintiff(s); in failing and omitting to apply the brakes to the said motor vehicle in sufficient time in order to have avoided the accident herein complained of; in failing and omitting to give any notice, signal or warning of the approach of the said motor vehicle; in failing and omitting to give the motor vehicle occupied by the plaintiff(s) the right of way; in failing and omitting to observe the motor vehicle occupied by the plaintiff(s) upon the highway in sufficient time so that in the reasonable and proper management and control of the said motor vehicle, the defendant(s) could have avoided the accident herein complained of; in failing and omitting to observe and/or obey the traffic signs and/or signals then and there prevailing; in failing and omitting to keep a proper lookout; in failing and omitting to have safe and adequate brakes and braking mechanisms on the said motor vehicle; in following the motor vehicle of the plaintiff(s) too closely; in violating the laws, statutes, rules, regulations, and ordinances pertaining to motor vehicles and motor vehicle traffic in the City and the State of New York, including but not limited to Section 1129 of the Vehicle and Traffic Laws; in failing and omitting to exercise that degree of care, caution and

3

Case 1:22-cv-02826   Document 1-2   Filed 05/13/22   Page 12 of 27 PageID #: 18

diligence with respect to the ownership, operation, maintenance, supervision, repair and control of the said motor vehicle, as would be just, reasonable and proper in order to have prevented the accident herein complained of.

13.     That solely as a result of the foregoing, plaintiff, ARTEM GALYNKIN, sustained "serious personal injuries" as defined in Section 5102(d) of the Insurance Law of the State of New York; and sustained and/or will sustain non-economic loss as defined in Section 5102(c) of the Insurance Law of the State of New York.

14.     That solely as a result of the foregoing, plaintiff, ARTEM GALYNKIN, was caused to sustain severe, serious and, upon information and belief, permanent personal injuries; was rendered incapacitated and disabled from attending his usual, customary and daily occupation and vocation; was caused to undergo the pain of medical care and attention; was caused to sustain and will in the future sustain a loss of life's enjoyment, and plaintiff, ARTEM GALYNKIN, was otherwise injured and damaged in the amount to be determined upon trial of this action.

15.     The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**WHEREFORE,** plaintiff, ARTEM GALYNKIN, demands judgment against defendants on the First Cause of Action in the amount to be determined upon the trial of this action, together with the costs and disbursements of this action.

Dated:     Brooklyn, NY
           March 18th, 2022

Yours, etc.

Irina P. Vaiman, Esq.
Irina P. Vaiman, P.C.,
Attorney for Plaintiff(s)
ARTEM GALYNKIN
1322 Gravesend Neck Road
Brooklyn, NY 11229
(718) 743-6611

5

# VERIFICATION

STATE OF NEW YORK        )
                                              )    ss.:
COUNTY OF _____KINGS_____ )

_____Artem Galyukin_____, being duly sworn deposes and says that (s)he is the plaintiff in the above-entitled action; that (s)he has read the contents of the foregoing and knows the contents thereof and that the same is true to his knowledge, except as to matters on information and belief, and as to those matters, (s)he believes it to be true.

Dated: March 18th, 20 22
Brooklyn, New York

(X) _____

IRINA P. VAIMAN
Notary Public, State of New York
No. 02VA6005107
Qualified in Kings County
Expires 04/00/2022

Sworn to before me this 18th

Day of _____March_____, 20 22.

Case 1:22-cv-02626   Document 1-2   Filed 03/13/22   Page 15 of 27 PageID #: 21

Index No.:

**SUPREME COURT OF THE STATE OF NEW YORK**

**COUNTY OF KINGS**

------------------------------------------------------------------

**ARTEM GALYNKIN,**

**Filed:**

**Plaintiff,**

-against-

**PEDRO PENA and WALL EXPRESS, INC.,**

**Defendant(s)**

------------------------------------------------------------------

**SUMMONS AND COMPLAINT**

**IRINA VAIMAN, ESQ.**
**Attorney for Plaintiff**
**1322 Gravesend Neck Road**
**Brooklyn, NY 11229**
**(718) 743-6611**

To:
Attorney(s) for:

Service of a copy of the within

is hereby admitted.

Dated,

...............................................................................................................

Supreme Court of the State of New York
County of Kings

**AFFIDAVIT OF SERVICE**

Index No: **508494/2022**
Date Index Number Purchased: **03/23/2022**

| | |
|---|---|
| Plaintiff/Petitioner: | **Artem Galynkin** |
| Defendant/Respondent: | **Pedro Pena, et al.** |

COMMONWEALTH OF PENNSYLVANIA
County of Dauphin          ss.:

I, **Chad Spotts**, depose and say that I am a competent adult authorized to serve this process and that on **03/31/2022** at **12:32 PM**, I served the within **Summons; Verified Complaint; Verification** on **Pedro Pena** at **2834 Alton Avenue, Allentown, PA 18103** in the manner indicated below:

☑ SUITABLE AGE: by delivering a true copy of each to **Maria Pena, Spouse**, a person of suitable age and discretion. Said premises is recipient's ☐ actual place of business ☑ dwelling house (usual place of abode) within the state.

☑ MAIL COPY. On **04/04/2022**, deponent completed service by depositing a true copy of each document to the above address in a 1st Class postpaid properly addressed envelope not indicating that mailing was from an attorney or concerned legal action and marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office.

A description of the recipient, or other person served on behalf of the recipient is as follows:

| Sex | Color of skin | Color of hair | Age | Height | Weight |
|---|---|---|---|---|---|
| Female | Hispanic | Black | 55 | 5ft 08in | 170 lbs |
| Other Features: | | | | | |

☑ **MIL. SRVC:** I asked the person spoken to whether defendant was active in the military service of the United States or the State of New York in any capacity whatsoever and received a negative reply. Upon information and belief I have; being based on the conversations and observations above narrated, defendant is not in the military service.

Sworn to and subscribed before me on
April          5th          , 20 22
by an affiant who is personally known to
me or produced identification.


NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
John F. Shinkowsky, Notary Public
Dauphin County
My commission expires September 28, 2022
Commission number 1151303

X _____
Chad Spotts
PM Legal
1235 Broadway, 2nd Floor
New York, NY 10001

Our File#: **6379952**



1 of 1

INDEX NO. 508494/2022
NYSCEF DOC. NO. 4                                                    RECEIVED NYSCEF: 04/21/2022

## Supreme Court of the State of New York
### County of Kings

### AFFIDAVIT OF SERVICE

Index No: **508494/2022**
Date Index Number Purchased: **03/23/2022**

| | |
|---|---|
| Plaintiff/Petitioner: | **Artem Galynkin** |
| Defendant/Respondent: | **Pedro Pena, et al.** |

COMMONWEALTH OF PENNSYLVANIA
County of Dauphin        ss.:

I, **Chad Spotts**, depose and say that I am a competent adult authorized to serve this process and that on **03/30/2022 at 12:23 PM**, I served the within **Summons; Verified Complaint; Verification** on **Wall Express, Inc.** at **545 North Centre Street, Pottsville, PA 17901** in the manner indicated below:

☑ CORPORATE SERVICE: By delivering a true copy of each to **Ivan Pucar, Dispatcher** of the above named corporation. So served and authorized to accept service.

A description of the recipient, or other person served on behalf of the recipient is as follows:

| Sex | Color of skin | Color of hair | Age | Height | Weight |
|---|---|---|---|---|---|
| **Male** | **White** | **Black** | 55 | **5ft 10in** | **220 lbs** |
| Other Features: | | | | | |

Sworn to and subscribed before me on
_April_            _4 th_, 20 _J J_
by an affiant who is personally known to
me or produced identification.

X _____
Chad Spotts
PM Legal
1235 Broadway, 2nd Floor
New York, NY 10001

_____
NOTARY PUBLIC

Our File#: 6379978

Commonwealth of Pennsylvania - Notary Seal
John F. Shinkowsky, Notary Public
Dauphin County
My commission expires September 28, 2022
Commission number 1151303



1 of 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF

STATEMENT OF AUTHORIZATION FOR
ELECTRONIC FILING
(Managing Attorney Authorizing Individual Filing Agent)

I, _Irina P. Vaiman_ Esq., (Attorney Registration No. _2835908_) am the managing attorney of/ attorney in charge of e-filing for _Law Offices of Irina P. Vaiman P.C._ (the "Firm"). I hereby acknowledge and represent that the attorneys in the Firm who are authorized users of the NYSCEF system hereby authorize __INSYNC LITIGATION SUPPORT, LLC__ ("the filing agent") to utilize his/her NYSCEF filing agent ID to file documents on their behalf and at their direction in any e-filed matter in which they are counsel of record through NYSCEF, as provided in Section 202.5-b of the Uniform Rules for the Trial Courts.

This authorization extends to any consensual matter in which these attorneys have previously consented to e-filing or may hereafter consent, to any mandatory matter in which they have recorded their representation, and to any matter in which they authorize the filing agent to record consent or representation in the NYSCEF system.

This authorization extends to any and all documents these attorneys generate and submit to the filing agent for filing in any such matter. This authorization, posted once on the NYSCEF website as to each matter in which these attorneys are counsel of record, shall be deemed to accompany any document in that matter filed by the filing agent on behalf of these attorneys.

This authorization also extends to matters of payment, which the filing agent may make either by debiting an account the filing agent maintains with the County Clerk of any authorized e-filing county or by debiting an account the Firm maintains with the County Clerk of any authorized e-filing county.

This authorization regarding this filing agent shall continue until the Firm revokes the authorization in writing on a prescribed form delivered to the E-Filing Resource Center.

Dated: _10/20/13_

_[signature]_
Signature

_Irina P. Vaiman_
Print Name

_Law Offices of Irina P. Vaiman P.C._
Firm/Department

_1302 Gravesend Neck_
Street Address
_Road, Brooklyn, NY 11229_

_Brooklyn NY 11229_
City, State and Zip Code

_(718) 743-6611_
Phone

_ipvesq@yahoo.com_
E-Mail Address

inSync Acc.# _FED 273_

Please send the completed form via email to wefile@insynclitigation.com or by fax to (212) 500-5140. Thank you.

Case 1:22-cv-02820 Document 1-2 Filed 05/13/22 Page 19 of 27 PageID #: 25

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------------X   Index No. 508494/2022
ARTEM GALYNKIN,

**VERIFIED ANSWER**

Plaintiff,

-against-

PEDRO PENA and WALL EXPRESS, INC.

Defendants.

-------------------------------------------------------------------------X

Defendants PEDRO PENA and WALL EXPRESS, INC., by their attorneys, TRAUB

LIEBERMAN STRAUS & SHREWSBERRY LLP, for their Verified Answer to the Verified

Complaint, state as follows:

1.      Defendants deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "1" of the Verified Complaint.

2.      Defendants admit the allegations set forth in paragraph "2" of the Verified

Complaint.

3.      Defendants deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "3" of the Verified Complaint.

4.      Defendants deny the allegations set forth in paragraph "4" of the Verified

Complaint and respectfully refer all legal conclusions to the Court.

5.      Defendants admit the allegations set forth in paragraph "5" of the Verified

Complaint.

6.      Defendants deny the allegations set forth in paragraph "6" of the Verified

Complaint and respectfully refer all legal conclusions to the Court.

INDEX NO. 508494/2022
RECEIVED NYSCEF: 05/13/2022

Case 1:22-cv-02820 Document 1-2 Filed 05/13/22 Page 20 of 27 PageID #: 26

7.    Defendants admit the allegations set forth in paragraph "7" of the Verified Complaint.

8.    Defendants admit the allegations set forth in paragraph "8" of the Verified Complaint.

9.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Verified Complaint.

10.    Defendants deny the allegations set forth in paragraph "10" of the Verified Complaint and respectfully refer all legal conclusions to the Court.

11.    Defendants deny the allegations set forth in paragraph "11" of the Verified Complaint and respectfully refer all legal conclusions to the Court.

12.    Defendants deny the allegations set forth in paragraph "12" of the Verified Complaint and respectfully refer all legal conclusions to the Court.

13.    Defendants deny the allegations set forth in paragraph "13" of the Verified Complaint and respectfully refer all legal conclusions to the Court.

14.    Defendants deny the allegations set forth in paragraph "14" of the Verified Complaint and respectfully refer all legal conclusions to the Court.

15.    Defendants deny the allegations set forth in paragraph "15" of the Verified Complaint and respectfully refer all legal conclusions to the Court.

### FOR A FIRST AFFIRMATIVE DEFENSE

16.    Any injuries and/or damages sustained by Plaintiff, as alleged in the Verified Complaint, which Defendants deny, were caused, in whole or in part, by the contributory

2

negligence and/or culpable conduct of Plaintiff and not because of any negligence and/or culpable conduct on the part of Defendants.

## FOR A SECOND AFFIRMATIVE DEFENSE

17.   Plaintiff lacks personal jurisdiction over the Defendants, and, as such, this venue is improper.

### FOR A THIRD AFFIRMATIVE DEFENSE

18.   Plaintiff failed to exercise ordinary care to effect a cure and to prevent aggravation of the alleged injury and damage.

### FOR A FOURTH AFFIRMATIVE DEFENSE

19.   The Verified Complaint fails to state a cause of action upon which relief can be granted.

### FOR A FIFTH AFFIRMATIVE DEFENSE

20.   Pursuant to the provisions of Article 16 of the CPLR, should Defendants be found liable for damages, such liability being 50% or less of the total liability assigned to all persons liable, the liability of Defendants for non-economic loss shall not exceed their equitable share determined in accordance with the relative culpability of all parties liable.

### FOR A SIXTH AFFIRMATIVE DEFENSE

21.   By entering into the activity in which Plaintiff was engaged at the time of the occurrence set forth in the Verified Complaint, Plaintiff knew the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by Plaintiff herein as alleged in the Verified Complaint arise from and were caused by reason of

3

such risks voluntarily undertaken by Plaintiff in the activities and such risks were assumed and accepted by Plaintiff in performing and engaging in said activities.

## FOR A SEVENTH AFFIRMATIVE DEFENSE

22.     Upon information and belief, Plaintiff either failed to use, improperly used or misused available seat belts as a result of which the alleged injuries were sustained or aggravated and by virtue of the foregoing, the damages, if any, to which Plaintiff might otherwise be entitled to recover should be mitigated accordingly.

## FOR AN EIGHTH AFFIRMATIVE DEFENSE

23.     If there were any defects or hazardous conditions referred to in the Verified Complaint, which Defendants deny, Plaintiff failed to exercise reasonable care to discover the alleged defects and to appreciate the dangers thereof.

## FOR A NINTH AFFIRMATIVE DEFENSE

24.     The negligence of a third person or entity over whom Defendants had no control was a superseding cause and insulates Defendants from liability.

## FOR A TENTH AFFIRMATIVE DEFENSE

25.     The provisions of C.P.L.R. Article 50-B apply to any verdict in this case.

## FOR AN ELEVENTH AFFIRMATIVE DEFENSE

26.     The dangers, if any, alleged in the Verified Complaint were patent, open and obvious.

## FOR A TWELFTH AFFIRMATIVE DEFENSE

27.     Plaintiffs' conduct was the sole proximate cause of the injuries alleged.

4

### FOR A THIRTEENTH AFFIRMATIVE DEFENSE

28.    Defendants were not served in accordance with the provisions of the CPLR and, accordingly, the Court lacks jurisdiction over the person of Defendants.

### FOR A FOURTEENTH AFFIRMATIVE DEFENSE

29.    This action is barred as against Defendants by virtue of 49 U.S.C. §30106 (the Graves Amendment).

### FOR A FIFTEENTH AFFIRMATIVE DEFENSE

30.    The accident described in the Complaint did not result in a serious injury to Plaintiff as so defined in and by Section § 5102 (d) of the Insurance Law of the State of New York.   By reason of the premise aforesaid, and as expressly provided in CPLR § 3016 (g) of the State of New York, Plaintiff had and has no right to institute, maintain or prosecute this action and are barred from so doing.

### FOR A SIXTEENTH AFFIRMATIVE DEFENSE

31.    This lawsuit may not be maintained pursuant to §§ 5102 and 5104 of the New York State Insurance Law based upon Plaintiff's failure to sustained a serious injury within the meaning of the statute.

### FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

32.    If Plaintiff sustained a serious injury as so defined in and by Section 5102 (d) of the Insurance Law of the State of New York, such injury was sustained solely as a result of Plaintiff's failure to abide by New York State's Vehicle and Traffic Laws.

5

Case 1:22-cv-02820 Document 1-2 Filed 05/13/22 Page 24 of 27 PageID #: 30

## FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

33.    In the event Plaintiff recovers a verdict or judgment against Defendants, then such

verdict or judgment must be reduced pursuant to CPLR §4545(c) by those amounts which have

been or will, with reasonable certainty, replace or indemnify Plaintiff, in whole or in part, for any

past or future claimed economic loss, from any collateral source such as insurance, social security,

worker's compensation or employee benefit programs.

**WHEREFORE,** Defendants demand judgment dismissing the Verified Complaint

together with costs, disbursements and attorneys' fees of this action and for such other and further

relief as this Court deems just and proper.

Dated: Hawthorne, New York
        May 13, 2022

                                        **TRAUB LIEBERMAN STRAUS**
                                        **& SHREWSBERRY, LLP**
                                        *Attorneys for Defendants*
                                        *Pedro Pena and Wall Express, Inc.*

                        By:    *Lisa M. Rolle*
                                        Lisa M. Rolle, Esq.
                                        Mid Westchester Executive Park
                                        7 Skyline Drive
                                        Hawthorne, New York 10532
                                        (914) 347-2600

TO:

**IRINA P. VAIMAN, P.C.**
*Attorneys for Plaintiff*
*Artem Galynkin*
1322 Gravesend Neck Road
Brooklyn, New York 11229
(718) 743-6611

6

Case 1.22-cv-02828  Document 1-2  Filed 08/13/22  Page 25 of 27 PageID #: 31

## ATTORNEY VERIFICATION

STATE OF NEW YORK       )
                                 ) ss.:

COUNTY OF WESTCHESTER   )

      PEDRO PENA and WALL EXPRESS, INC.. are Defendants in this action.

      I am a partner with the firm of Traub Lieberman Straus & Shrewsberry LLP, which has been retained to represent the Defendants in the action herein;

      I have read the annexed Verified Answer to Plaintiff's Verified Complaint, know the contents thereof, and the same is true to my knowledge, except to those matters therein which are stated to be alleged upon information and belief, and, as to those matters, I believe them to be true.

      My belief, as to those matters therein not stated upon my knowledge, is based upon information contained in our file.

      I affirm that the foregoing statements are true under penalties of perjury.

      This Verification is made by me and not by the Defendants because the Defendants is located outside the county in which my office is located.

*Lisa M. Rolle*
Lisa M. Rolle, Esq.
TRAUB LIEBERMAN STRAUS
& SHREWSBERRY LLP
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532
914-347-2600

7

INDEX NO. 508494/2022
RECEIVED NYSCEF: 05/13/2022

Case 1:22-cv-02826 Document 1-2 Filed 05/13/22 Page 26 of 27 PageID #: 32

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X

ARTEM GALYNKIN,                                                    Index No. 508494/2022

                                    Plaintiff,          **NOTICE OF DEPOSITION**

          -against-

PEDRO PENA and WALL EXPRESS, INC.,

                                    Defendants.
-------------------------------------------------------------------X

      **PLEASE TAKE NOTICE** that, pursuant to Article 31 of the CPLR, the depositions upon oral examination of ALL PARTIES, in the order of the caption, will be taken at a time, date and location to be mutually agreed upon by the parties in Kings County.

      **PLEASE TAKE FURTHER NOTICE** that said parties are to be examined upon all evidence material and necessary in the defense of this action, and are required to produce at the deposition all papers, documents, records, memoranda, correspondence, bills, statements and any other materials relevant to this action which are in their possession, care, custody and control.

      **PLEASE TAKE FURTHER NOTICE** that said examinations will continue day-to-day until completed.

Dated: Hawthorne, New York
May 13, 2022

**TRAUB LIEBERMAN STRAUS**
**& SHREWSBERRY LLP**
*Attorneys for Defendants*
*Pedro Pena and Wall Express, Inc.*

By: *Lisa M. Rolle*
                                    _____

Lisa M. Rolle
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532
(914) 347-2600

TO:

**IRINA VAIMAN, P.C.**
*Attorney for Plaintiff*
*Artem Galynkin*
1322 Gravesend Neck Road
Brooklyn, New York 11229
(718) 743-6611

2